UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARY GARCIA, | ) | No. ED CV 12-01166-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | (Social Security Case) |
| Defendant. | ) ) | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Pursuant to 28 U.S.C. §636©, the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

    Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly considered both the physical and mental opinions of the state agency physicians (JS at 3);
2. Whether the ALJ properly determined if activities of daily living establish the ability to perform full-time competitive substantial gainful activity (JS at 11);
3. Whether the ALJ provided a complete and proper assessment of Plaintiff's residual functional capacity (RFC) (JS at 16);
4. Whether the ALJ posed a complete hypothetical question to the vocational expert (JS at 18); and
2. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings (JS at 21.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**THE ALJ PROPERLY CONSIDERED THE PHYSICAL AND MENTAL OPINIONS OF THE STATE AGENCY PHYSICIANS**

Plaintiff's first claim is that the ALJ did not properly consider the physical and mental opinions of the state agency physicians. (See JS at 3-7.)

In discussing the state agency physicians' opinions, the ALJ disagreed with Dr. Khan, who found that Plaintiff demonstrated hand limitations. (See AR 228). He also disagreed with Dr. Khan's finding that Plaintiff should be limited to one-two step repetitive tasks with adequate pace and persistence. (See AR 244). The ALJ found that the

hand limitations were not warranted because Plaintiff did not always have psoriatic flare-ups in her hands, and when she did, they did not last for twelve months duration. (AR 16.) He rejected the limitation to repetitive tasks because he found that Plaintiff had a Bachelor of Arts degree, and the record did not demonstrate significant concentration deficits. (Id.)

Plaintiff correctly states that these opinions constitute "expert opinion evidence of non-examining sources" that the ALJ is required to give some weight to, unless he rejects them. (See JS at 6). Plaintiff then argues that because the ALJ's determination of Plaintiff's RFC did not include these specific limitations, the ALJ erred in considering the evidence.

Plaintiff concedes, however, that the ALJ is not bound by any findings made by state agency medical or psychological consultants (see JS at 5, citing 20 C.F.R. § 404.1527(e)(2)(I)). In fact, when there are conflicting medical opinions, the ALJ's decision is sufficient even if he rejects an expert's opinion so long as he cites specific and legitimate reasons supported by substantial evidence. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Furthermore, the ALJ need not accept the opinion of any physician if the opinion is brief, conclusory, or inadequately supported by clinical findings. Id. Therefore, the ultimate question is whether substantial evidence[1] supported the ALJ's findings.

First, with respect to the ALJ's finding that Plaintiff was not limited to one-two step repetitive tasks, the Court finds that the

---

[1] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

1  record adequately supports this conclusion. It was reasonable for the
2  ALJ to conclude that a claimant with a bachelors degree does not have
3  such a debilitating concentration deficit to render her unable to
4  perform work. See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996)
5  (ALJ entitled to draw inferences logically flowing from evidence).
6  More importantly, the ALJ noted that Dr. Linda Smith, a consultative
7  psychiatrist, opined that Plaintiff had no trouble concentrating. (AR
8  14; see AR 206 ("She did not have any trouble concentrating today.")).
9  In fact, Dr. Smith found that Plaintiff's thought processes,
10 intellectual functioning, memory and ability to make abstractions were
11 all intact. (AR 206-07). It was appropriate for the ALJ to give
12 greater weight to Dr. Smith's findings than state agency physician Dr.
13 Khan's since the Ninth Circuit has long established that "greater
14 weight is accorded to the opinion of an examining physician than a
15 non-examining physician." Jamerson v. Chater, 112 F.3d 1064, 1066
16 (9th Cir. 1997) (quoting Andrews, 53 F.3d at 1040-41). Furthermore,
17 Plaintiff's characterization that the ALJ rejected the state agency
18 physician's opinion is not entirely accurate. On the contrary, the
19 ALJ agreed with the essence of Dr. Khan's psychiatric opinion by
20 finding that Plaintiff was capable of only occasional public
21 interaction. (AR 12, 244). Therefore, Plaintiff's argument that the
22 ALJ improperly considered the opinion of the state agency physician
23 regarding her psychological limitations is unavailing.[2]

24      Second, as to the ALJ's finding that Plaintiff's hand limitations

---

[2]   To the extent that Plaintiff's claim rests on the ALJ not specifying exactly how much weight he gave the state agency opinions (see JS at 4), this is also unavailing. The ALJ need not recite magic words so long as he offers specific and legitimate explanations. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989).

4

were not warranted, this too is supported by substantial evidence. The ALJ rejected this opinion because Plaintiff did not always have psoriatic flare-ups in her hands, and they did not last for twelve months time.[3]  (AR 16).  Plaintiff's treatment records show inconsistent flare-ups that did not last longer than twelve months in time. For example, as the ALJ noted, Plaintiff's psoriasis was under "good control" in January 2008.  (AR 14, citing AR 359-60).  In November 2008 and February 2009, her symptoms showed improvement. (AR 14, citing AR 488-89).  Again, in October 2009, Plaintiff's treating doctor found that her psoriasis was stable. (AR 14, citing 489). In January 2010, she reported that her psoriasis was improving. (AR 14, citing 485).  In July 2010, her doctor found that the psoriatic arthritis was "fairly controlled." (AR 475). Therefore, it is clear from the ALJ's opinion that he sufficiently considered the record and rejected Dr. Khan's opinion about Plaintiff's hand limitations based on substantial evidence.

## II

## **THE ALJ PROPERLY CONSIDERED PLAINTIFF'S DAILY ACTIVITIES IN DETERMINING WHETHER SHE WAS DISABLED**

Plaintiff's second claim is that the ALJ improperly considered her daily activities in evaluating whether she could perform full-time competitive substantial gainful activity. (JS at 11).

As an initial matter, the Court finds that a fair reading of the ALJ's decision indicates that Plaintiff unfairly characterizes the

---

[3] For purposes of disability insurance benefits, "disability" is defined as a medically determinable physical or mental impairment that can be expected to last or has lasted for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

5

ALJ's actions.  The ALJ discussed Plaintiff's daily activities in analyzing whether her symptoms were disabling and limited her capacity to work.  (See AR 15).  The ALJ found inconsistencies between Plaintiff's reported daily activities and the presence of an incapacitating or debilitating medical condition.  (Id.)

Plaintiff's argument fails because there is no question that analysis of daily activities is allowed.  See 20 C.F.R. § 416.929(c)(3)(I) (expressly listing "[y]our daily activities" as a factor relevant to symptoms such as pain).  In addition, on this point the Court agrees with the Commissioner that Ninth Circuit cases have long allowed ALJ's to explicitly consider daily activities in determining whether a claimant is credible in their testimony.  See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities can discredit excess pain allegation if claimant is able to spend a substantial part of the day performing activities transferable to a work setting); Thomas, 278 F.3d at 958-59 (chores such as cooking, laundry, washing dishes, and shopping suggested claimant was not as limited and as in pain as she testified); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (affirming ALJ's finding that daily activities suggested claimant could be capable of performing basic demands of competitive, remunerative, unskilled work on sustained basis).  Here, the ALJ found that the record indicated that Plaintiff could drive and shop, do household chores, cook, run errands, and pay bills.  (AR 15, citing AR 32, 159, 206-08, 408).  Such daily activities allow the ALJ to reasonably conclude that Plaintiff's psoriatic arthritis and anxiety disorder are not as

debilitating as she claims.[4]

### III

### THE ALJ PROPERLY ASSESSED PLAINTIFF'S RFC

Plaintiff's third claim is that the ALJ improperly assessed her RFC because he rejected the state agency physician and psychiatrist's opinions. (JS at 16). This contention is essentially a reiteration of Plaintiff's first claim and is foreclosed by the Court's analysis of that claim. Accordingly, the Court finds that the ALJ properly assessed Plaintiff's RFC.

### IV

### THE ALJ PROPERLY POSED A COMPLETE HYPOTHETICAL
### TO THE VOCATIONAL EXPERT

Plaintiff's fourth claim is that the ALJ posed an incomplete hypothetical to the vocational expert at the administrative hearing because he did not account for Dr. Khan's finding that Plaintiff was limited to one-two step repetitive tasks. (JS at 19; see AR 46-47).

Although Plaintiff correctly states that a hypothetical must consider all of a claimant's limitations or else be deemed of no evidentiary value (id.), the Ninth Circuit has found that an ALJ does not err when he omits limitations in hypothetical questions to the

---

[4] The Court notes that the ALJ also discussed the fact that Plaintiff told her treating doctor in June 2010 that she wanted to conceive and have a child, heightening demands on her physical and mental activity. (AR 15, citing AR 450, 452). Although not an ordinary "daily activity," conceiving and having a child presents at least some difficulty functioning, and the fact that Plaintiff wanted to do so can be used by the ALJ to discredit testimony of a totally debilitating impairment. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012).

7

vocational expert that claimant claimed but failed to prove. <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (ALJ did not err because his omissions were supported by substantial evidence); <u>see also</u> <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005) (same). As such, Plaintiff's fourth claim is unavailing because it appears to be a reiteration of her first. Accordingly, the Court finds that the ALJ posed a complete hypothetical to the vocational expert.

<u>V</u>

**THE ALJ MADE PROPER CREDIBILITY FINDINGS**

Plaintiff's fifth argument takes issue with the ALJ's finding Plaintiff's testimony at the hearing not entirely credible. (<u>See</u> AR 13). First, Plaintiff argues that the ALJ erred by not indicating which specific statements he accepted or rejected. (JS at 21). Second, Plaintiff contends that the ALJ erred because he rejected Plaintiff's testimony without providing clear and convincing evidence. (JS at 24).

Plaintiff's first contention is unavailing because the ALJ's findings are not invalid simply because he failed to quote from Plaintiff's testimony. After all, he did cite to her testimony in making his findings. (<u>See</u> AR 11). Therefore, the main question before the Court is whether the ALJ's credibility finding was specific and supported by the record. <u>See</u> <u>Fair</u>, 885 F.2d at 603; <u>Thomas</u>, 278 F.3d at 958-59.

Subjective complaints of pain or other symptomology in excess of what an impairment would normally be expected to produce are subject to the credibility assessment of an ALJ. <u>Rollins</u>, 261 F.3d at 856-57. In order to find that a claimant's subjective complaints are not

credible, an ALJ "must specifically make findings that support this conclusion," Bunnell, 947 F.2d 341, 345 (9th Cir. 1991) and provide "clear and convincing reasons." Rollins, 261 F.3d at 857. The difficulty with the ALJ's decision, however, lies in the fact that the ALJ did not separate his credibility findings from his assessment of the medical opinion. Nevertheless, the Court can decipher which particular analyses articulated within the ALJ's decision support his credibility finding. Because an ALJ's credibility assessment usually incorporates analysis from other steps of the ALJ's evaluation, as long as the ALJ's reasons are clearly and identifiably articulated elsewhere in the decision, the ALJ's credibility finding satisfies the standard from Bunnell and Rollins.

First, as the ALJ explained, the objective medical evidence does not comport with Plaintiff's testimony regarding her pain and limitations. (AR 13-16). Although the lack of objective evidence, standing alone, is insufficient to reject subjective complaints, it is, nevertheless, one of the considerations. Bunnell, 947 F.2d at 345. Here, as the Court discussed in addressing Plaintiff's first claim, the ALJ noted that treatment notes from Plaintiff's doctors showed that the psoriasis was either under control or stable and improving. (AR 14; see AR 359, 356, 488-89, 486, 475). These notes contradict Plaintiff's testimony at the hearing about her physical limitations. (AR 38-41).

Second, the ALJ also noted that Plaintiff was non-compliant with her medication for psoriatic arthritis. (AR 15). Ninth Circuit case law approves the use of treatment history to evaluate a claimant's credibility. See, e.g., Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (allowing ALJ to discredit claimant if he failed to seek

treatment but complained about pain or failed to follow prescribed treatment). Here, in January 2010 Plaintiff complained of pain in various parts of her body but failed to take any medication; in July 2010 she failed to take her medication for two months. (AR 14, see AR 477, 485). Also of significance is the ALJ's finding that despite Plaintiff's record of mental health visits, there was no indication anywhere that she was precluded from work activity. (AR 15). Therefore, based on Plaintiff's treatment history, the ALJ had reason to discredit her testimony.

Next, the ALJ found that Plaintiff had obtained a dual major Bachelor of Arts degree but made no serious attempts to gain employment besides briefly in 1995-1996. (AR 15, see AR 126). Work history is a legitimate factor in determining whether a claimant is credible. See Thomas, 278 F.3d at 959. Therefore, the ALJ appropriately discredited Plaintiff based on her work history.

Finally, the ALJ took note of Plaintiff's daily activities and concluded that they were inconsistent with her testimony at the hearing regarding the pain and limitations she experienced. (AR 13, 15). As the Court discussed with greater detail in analyzing Plaintiff's second claim, daily activities are a permissible factor in considering a claimant's credibility. See, e.g., Fair, 885 F.2d at 603. Given Plaintiff's daily activities, like household chores, driving, laundry, and others and her intention of conceiving and having a child, the ALJ could infer that these activities were inconsistent with her claimed limitations and pain.

For the foregoing reasons, the Court cannot second-guess the ALJ's credibility assessment, since it is based on substantial evidence in the record, and is supported by specific and legitimate

1  reasons.
2      The decision of the ALJ will be affirmed.  The Complaint will be
3  dismissed with prejudice.
4      **IT IS SO ORDERED**.

6  DATED: June 3, 2013                    /s/
                                   VICTOR B. KENTON
7                                  UNITED STATES MAGISTRATE JUDGE

11